The opinion of the Court was delivered by
Mr. Justice Gantt.
The first ground must necessarily fail; the plaintiff* having, by his counsel, consented to release so much of the recovery had, as shall exceed the account for board, as exhibited by the plaintiff!
On the second ground, I am of opinion that there was sufficient evidence of a consideration to support the promise. Was it nothing that the plaintiff*was to forego the society and pleasures of the conjugal state ? That he was no longer to have the control and authority of a husband over the person of his wife? Nothing, that this sacred tie, which in law identified them as one person, was, by the articles of separation, to be *259 Come sundered, and he thereby deprived of the better part of himself ? Nothing, to drag through life, solitary and comfortless, without a partner to share in his joys, and sympathize with him in his hours of affliction? Nay, more; perhaps the current of his blood to dry up, and no mean left him, whereby to transmit his name to posterity ? These are weighty and important considerations, and are deemed quite sufficient to support the promise upon which this action was founded.
From this view of the privation and'losses which the plaintiff has and may sustain, I have no hesitation in saying, that the third ground taken for a nonsuit cannot be supported, being clearly of opinion, that the signing of the articles of separation by the plaintiff at the instance of the defendant, and on his promise to pay the hoard on that condition, is quite sufficient to take the case out of the statute of frauds. Lord Eldon, in the case of Houlditch vs. Milne, in 3 Espin. N. P. C. 86, says, that there may be cases where, though it is clearly the debt of another, yet a note in writing is not necessary, (See 2 Selwyn's Nisi Prius, note 7, page 858.) The reason which governed the decisions in the cases there put, exists in a much greater degree in the present; and leads me to the conclusion, that the promise made by the defendant in this case, is one not within the statute of frauds, and that he is bound to fulfil it. The verdict must stand,. *260 the plaintiff releasing so much thereof as exceeds r ° the account for board filed by him.
—*--Grimke, Colcock, and Chevest J. concurred.